UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARNOLD Q. DAVIS, JR.,

                       Plaintiff,

                v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                       Defendant.
_____

<u>DECISION AND ORDER</u>

17-CV-6579L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On January 23, 2014, plaintiff, then forty years old, filed applications for a period of disability and disability insurance benefits, and Supplemental Security Income benefits, alleging an inability to work since July 13, 2012. (Administrative Transcript, Dkt. #8 at 56). His application was initially denied. Plaintiff requested a hearing, which was held on November 10, 2015 via videoconference before Administrative Law Judge ("ALJ") David S. Pang. The ALJ issued a decision on December 23, 2015, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 56-65). That decision became the final decision of the Commissioner when the Appeals Council denied review on June 20, 2017. (Dkt. #8 at 1-4). Plaintiff now appeals from that decision.

The plaintiff has moved (Dkt. #10), and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below,

the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records, reflecting treatment for cervical spondylosis and degenerative spinal changes, and left shoulder impingement, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. Upon consideration of the record, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a full range of light work, except that plaintiff can never reach overhead, can no more than occasionally reach and handle, and can no more than frequently operate hand controls with his non-dominant left upper extremity. Plaintiff can also never work at unprotected heights, operate a motor vehicle, crawl, or climb ladders, ropes or scaffolds. (Dkt. #8 at 58-59).

When presented with this RFC as a hypothetical at plaintiff's hearing, vocational expert Alina Kurtovich testified that such an individual could perform the positions of electronics worker, order caller and machine feeder. (Dkt. #6 at 64-65).

I believe the evidence supports the ALJ's findings concerning the nature and extent of plaintiff's limitations, and that his finding that the plaintiff was not disabled was supported by substantial evidence and was not the product of legal error.

## I.  The ALJ's Evaluation of Medical Opinions

On appeal, plaintiff initially objects to the RFC determined by the ALJ, arguing that the ALJ failed to properly account for plaintiff's limitations with respect to pushing and pulling. Specifically, plaintiff argues that the ALJ erred when he stated that he was assigning "great weight" to an opinion by plaintiff's treating orthopaedic surgeon, Dr. Peter N. Capicotto, but failed to incorporate Dr. Capicotto's note that plaintiff should "not perform repetitive pushing or pulling" into his RFC finding.   (Dkt. #8 at 63, 685).[1]

I do not find that the ALJ's assessment of Dr. Capicotto's opinion was erroneous.

"Where an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous . . . remand is not necessary merely because an explicit function-by-function analysis was not performed."  *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  *See also McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).   As such, even where an ALJ opts not to credit "some of the limitations articulated by [a claimant's] treating physician[]" without specific discussion of each one, the ALJ's determination will not be found erroneous so

---

[1] Plaintiff also objects to the ALJ's failure to grant more than "little" or "partial" weight to certain other opinions and/or treatment notes by Dr. Capicotto concerning plaintiff's work-related limitations.  I find no error in those determinations, as the other opinions Dr. Capicotto rendered either do not set forth any specific limitations, or else designate temporary pre- and post-operative limitations that do not, or are not expected to, satisfy the 12-month durational requirement for disability claims.   (Dkt. #8 at 376, 628-29, 631, 635, 640-44, 656-60).

long as his findings are supported by substantial evidence and are not the product of legal error. *Connole v. Astrue*, 2016 U.S. Dist. LEXIS 54647 at *14 (D. Conn. 2016).

Plaintiff is correct that the ALJ's RFC determination did not incorporate Dr. Capicotto's opinion in its entirety. Dr. Capicotto had opined that, "[f]rom a disability point of view at this stage, [plaintiff] has a rather stable construct [following spinal surgery]. He has no severe or significant pressure on the nerve roots. He does have some mild degenerative disease above this. I would limit him at overhead work. He could lift upwards of 15 to 20 pounds. He [could] do a light duty type of activity. He should avoid repetitive pushing and pulling." (Dkt. #8 at 685). In his RFC determination, the ALJ included limitations to light work (which by definition involves lifting no more than 20 pounds), with no more than "frequent" use of hand controls with the left hand, "no overhead reaching," and "occasional reach[ing] and [handling]" in other directions. (Dkt. #8 at 59). The ALJ did not include a proscription against repetitive pushing and pulling.

Nonetheless, the ALJ was not required to adopt Dr. Capicotto's opinion in its entirety, and to the extent that the ALJ's RFC determination differed from Dr. Capicotto's opinion, those distinctions were well-supported by substantial evidence in the record and were not the product of legal error.

First, Dr. Capicotto did not support his opinion with reference to any particular treatment notes or objective tests, and it is unclear precisely what he meant by no "repetitive" pushing and pulling, and whether his opinion was based on limitations relative to plaintiff's spine or to his upper extremities.[2] Plaintiff's treatment records testify to mild limitations in cervical flexion and

---

[2] Incidentally, in response to alternative questions at the hearing, the VE testified that a hypothetical individual could perform the same three occupations she initially identified (electronic worker, order caller and machine feeder) regardless of whether left-arm reaching and handling was limited to "frequently" (as the ALJ ultimately determined) or to "occasionally." (Dkt. #8 at 35). Furthermore, when asked by plaintiff's counsel if the hypothetical individual could still perform work if he was further limited to jobs with "no repetitive pushing and pulling" – defined by plaintiff's counsel as "no assembly line work with quotas" – the VE testified that the individual could perform the positions of electronic worker and order caller, as well as three additional, sedentary positions. (Dkt. #8 at 37).

extension, and to pain and mildly diminished sensation in plaintiff's left arm, but also reflect full strength in the right arm, "give away weakness" of the left arm on some occasions (but full strength on others), and equal reflexes. (Dkt. #8 at 597, 600, 626, 629, 630-31, 646, 648). In brief, there is no objective indication in the record that plaintiff cannot engage in such pushing and pulling activities as are otherwise consistent with the ALJ's RFC determination (no reaching overhead and no more than occasional reaching in other directions).

Moreover, each element of the ALJ's RFC determination was supported by other medical opinion evidence of record, which the ALJ discussed in detail. Plaintiff was evaluated by consulting physiatrist Dr. Clifford Ameduri. Dr. Ameduri found that plaintiff had a limited range of motion in his cervical spine and myofascial trigger points on his neck, particularly on the left side. Nonetheless, plaintiff's range of motion in his shoulders, grip and pinch strength, and sensation were all normal. Dr. Ameduri found that plaintiff should not lift more than 20 pounds, or lift above shoulder level, and the ALJ gave his opinion "great" weight, given its consistency with plaintiff's treatment history relative to his neck, spine and left shoulder. (Dkt. #8 at 60, 378-82).

MRIs of plaintiff's shoulder were also negative for rotator cuff injuries or other deformities. (Dkt. #8 at 297). Examinations and EMG (electromyography) testing of plaintiff's left arm showed only mild signs of impingement and normal-to-mildly-decreased sensation and strength in plaintiff' left arm and hand. (Dkt. #8 at 355, 613, 646, 651, 668, 675-76). Consulting neurologist Dr. Allen D. Pettee noted that plaintiff had "mild restriction" in his neck range of motion, some paresthesia (tingling or pricking sensations, typically caused by peripheral nerve pressure or damage) in his left arm and mild weakness on extension, but otherwise had a full range of motion and normal strength in his arms and shoulders. (Dkt. #8 at 577-78). Furthermore, at

his hearing, plaintiff testified that he was right-handed and only experienced difficulties with his left hand. (Dkt. #8 at 25-26).

In brief, the ALJ analyzed all of the medical evidence of record, and supported his determination with substantial evidence. To the extent that he did not adopt Dr. Capicotto's "no repetitive pushing and pulling" restriction, I find that no error was committed, as the ALJ properly discounted that limitation as unsupported by, and inconsistent with, the other evidence of record.

I have considered the rest of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        December 20, 2018.